UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK


Case No. 1:25-cv-09750-LTS


Bukhari Daing, Plaintiff

v.

BNP Paribas S.A., Defendant.


AMENDED COMPLAINT


Plaintiff Bukhari Daing respectfully submits this Amended Complaint in response to the Court's order requiring specific facts demonstrating Article III standing to sue Defendant BNP Paribas S.A.


I. STATEMENT OF FACTS AND STANDING

1. Plaintiff is a resident of Omaha, Nebraska, and a citizen of the United States.

2. On or about July 2022, Plaintiff was physically present in Khartoum, Sudan, when an operational unit of the Rapid Support Forces (RSF) deployed active chemical smoke munitions directly into Plaintiff's immediate physical vicinity.

3. The resulting explosion and chemical discharge caused direct, first-party physical injuries to the Plaintiff, including total temporary blindness lasting approximately one hour, severe respiratory tract inflammation, and acute lung distress.

4. As a direct result of this physical attack, Plaintiff suffers from chronic, severe, Post-Traumatic Stress Disorder (PTSD), manifest through insomnia, physical tremors, weight loss, and debilitating hypervigilance.

5. Extensive international investigative records, including findings from the United Nations Panel of Experts on Sudan and reports by Global Witness, document that between 2015 and 2022, the RSF utilized specific Dubai-based front companies—specifically including

the Al Junaid Group—to export gold, secure procurement lines, and acquire weapons leading up to the conflict.

6. Defendant BNP Paribas S.A. is a dominant clearing bank for global trade and Middle Eastern correspondent banking, which previously established localized shadow networks and illicit banking corridors inside East Africa.

7. Upon information and belief, Defendant BNP Paribas S.A. continuously maintained operational clearing corridors and foreign exchange desks between 2015 and 2022 that actively serviced and cleared international commercial transactions, letters of credit, and foreign exchange conversions for the RSF's Dubai-based front companies and gold-laundering affiliates, directly enabling the RSF's military procurement systems leading up to the July 2022 attack on the Plaintiff.

## II. CAUSES OF ACTION

### COUNT I: GROSS NEGLIGENCE

8. Plaintiff realleges and incorporates paragraphs 1 through 7 of Section I as if fully set forth herein.

9. Defendant BNP Paribas S.A. owes a recognized legal duty of care to the public, including the Plaintiff, to maintain strict compliance with international banking laws and to prevent its clearing infrastructure from being utilized by prohibited military actors and violent militias.

10. Defendant completely breached this duty of care by intentionally maintaining specialized financial corridors that funneled liquidity to logistical networks directly operating on behalf of the RSF and its corporate front companies.

11. This breach represents a reckless, wholesale disregard for human safety. It was entirely foreseeable that providing unmonitored financial liquidity to a violent military faction would result in severe regional devastation, active warfare, and direct physical harm to innocent civilians.

12. On information and belief, the Defendant's illicit financial corridors, specialized clearing infrastructure, and Middle Eastern transaction channels directly persisted and integrated into the logistical procurement systems utilized by the RSF leading up to and during the July 2022 Khartoum escalation, creating a continuous and unbroken chain of operational funding.

13. As a direct and proximate result of Defendant's gross negligence, the RSF secured the operational funding necessary to procure the tactical munitions deployed against the Plaintiff in Khartoum, causing severe physical trauma, temporary blindness, and ongoing PTSD.

COUNT II: AIDING AND ABETTING BATTERY

14. Plaintiff realleges and incorporates paragraphs 1 through 13 as if fully set forth herein.

15. On or about July 2022, an operational unit of the RSF committed an unlawful, intentional, and non-consensual physical attack (battery) against the Plaintiff in Khartoum, Sudan, by launching tactical chemical smoke munitions directly into the Plaintiff's immediate vicinity, causing severe physical injury and temporary total blindness.

16. Defendant BNP Paribas S.A. had actual or constructive knowledge that the financial clearing services, letters of credit, and international wire infrastructures it actively provided to Middle Eastern trade networks were being utilized by corporate front companies explicitly operating under the control of the RSF.

17. Defendant provided substantial assistance to the primary tortfeasors (the RSF) by acting as their primary international financial conduit. Without Defendant's active provision of international liquidity and dollar-clearing channels to these front companies, the RSF would have lacked the transaction networks required to purchase, transport, and deploy the specific class of military weapons that physically struck and injured the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant BNP Paribas S.A., awarding compensatory damages for physical injuries, severe pain and suffering, and ongoing neurological trauma in an amount to be determined at trial, together with the costs of this action.

Dated: June 17, 2026

Respectfully submitted,

/s/ Bukhari Daing

Bukhari Daing, Pro Se

5019 South 20th Street

Omaha, NE 68107

(531) 433-9042

Dragonpeople5@gmail.com