UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUKHARI DAING,<br><br>Plaintiff,<br><br>-against-<br><br>BNP PARIBAS S.A.,<br><br>Defendant. | 1:25-CV-9750 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on March 6, 2026, the Court dismissed this action, but granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis* ("IFP"), 30 days' leave to file an amended complaint in which he was to allege facts showing that he has standing to sue Defendant BNP Paribas S.A. ("BNP"). (ECF 26.) After filing this action, Plaintiff sought mandamus relief from the United States Court of Appeals for the Second Circuit, which ultimately denied that relief on May 21, 2026. *See Daing v. BNP Paribas S.A.*, No. 26-476 (2d Cir. May 21, 2026). On June 17, 2026, Plaintiff filed an amended complaint, which is the operative pleading for this action. (ECF 30.)

In his amended complaint, Plaintiff names BNP as the sole Defendant and asserts claims of "gross negligence" and "aiding and abetting battery," seeking compensatory damages. (*Id.* at 2-3.) Plaintiff neither specifies the basis of the court's subject matter jurisdiction to consider this action nor, other than what is described above, the specific legal bases upon which he raises his claims. He does state, however, that he "submits his Amended Complaint in response to the Court's order requiring specific facts demonstrating Article III standing to sue" BNP. (*Id.* at 1.)

The Court construes Plaintiff's amended complaint as asserting claims under the Alien Tort Statute ("ATS") and the Torture Victim Protection Act of 1991 ("TVPA"), as well as claims under state law. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action,"

which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

The following facts are drawn from the amended complaint:[1] Plaintiff resides in Omaha, Nebraska, and is a citizen of the United States. In or about July 2022, while Plaintiff was in Khartoum, Sudan,[2] "an operational unit of the Rapid Support Forces (RSF) deployed active chemical smoke munitions directly into Plaintiff's immediate physical vicinity." (ECF 1, at 1.) This caused an "explosion and chemical discharge," resulting in Plaintiff suffering "total temporary blindness lasting approximately one hour, severe respiratory tract inflammation, and acute lung disease." (*Id.*) Plaintiff states that, because of this attack, he now suffers "from chronic, severe, Post-Traumatic Stress Disorder (PTSD), manifest[ed] through insomnia, physical tremors, weight loss, and debilitating hypervigilance." (*Id.*)

Plaintiff describes BNP as "a dominant clearing bank for global trade and Middle Eastern correspondent banking, which previously established localized shadow networks and illicit banking corridors in East Africa." (*Id.* at 2.) He asserts that BNP "actively serviced and cleared international commercial transactions, letters of credit, and foreign exchange conversions for the RSF's Dubai-based front companies and gold-laundering affiliates, directly enabling the RSF's military procurement systems leading up to the July 2022 attack on the Plaintiff." (*Id.*)

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the amended complaint unless noted otherwise.

[2] Plaintiff does not specify whether he was a citizen of the United States when he was in Khartoum in or about July 2022.

## DISCUSSION

### A. Claims under the ATS

To the extent that Plaintiff was a citizen of the United States at the time of the alleged events, this court lacks jurisdiction to consider any of his claims raised under the ATS. As discussed in the Court's March 6, 2026 order (ECF 26, at 16-17, 17 n.9), this Court has jurisdiction to consider claims brought under the ATS only by aliens, that is, non-citizens of the United States and, possibly, by citizens of the United States arising from events that took place before those persons became citizens of the United States, *see Mastafa v. Chevron Corp.*, 770 F.3d 170, 175 n.1 (2d Cir. 2014); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 619 (S.D.N.Y. 2012) (Sweet, D.J.).

While Plaintiff indicates that he is currently a citizen of the United States, he does not indicate that, at the time of the alleged events, he was an alien and not a citizen of the United States. The Court therefore dismisses Plaintiff's claims brought under the ATS for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### B. Claims under the TVPA

Inasmuch as Plaintiff asserts claims under the TVPA against BNP, a bank, the Court must also dismiss those claims. This is because the Supreme Court of the United States has held that "[t]he text of the TVPA . . . [does] not extend liability to organizations, sovereign or not." *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 461 (2012); *see id.* at 456 ("[T]he text of the [TVPA] persuades us that [it] authorizes liability solely against natural persons."). The Court therefore dismisses Plaintiff's claims under the TVPA against BNP for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under state law

A federal district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all of the claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of [Section] 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### D. Leave to amend further is denied

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies or granting further leave to amend would be futile. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *see Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's claims under the ATS for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses Plaintiff's claims under the TVPA for failure to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's claims under state law.[3] *See* 28 U.S.C. § 1367(c)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court also directs the Clerk of Court to mail a copy of this order to any self-represented party who has not consented to e-service or who has not been granted e-filing privileges.

SO ORDERED.

Dated: October 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[3] Because Plaintiff does not allege anything to suggest that he invokes the court's diversity jurisdiction in this action, the Court does not consider his claims under state law under that potential basis for jurisdiction. This dismissal is without prejudice to Plaintiff's filing a separate civil action in which he asserts state-law claims under the court's diversity jurisdiction.